# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4237 | **DATE** | 6/17/11 |
| **CASE TITLE** | OFA Royalties LLC, et al. vs. Apne, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Plaintiffs' motion for award of attorneys' fees [46] and orders Defendants to pay Plaintiffs' attorneys fees incurred in this action in the amount of $27,710.05.

■[ For further details see text below.]  Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs QFA Royalties LLC ("QFA") and QIP Holder LLC ("QIP") (collectively "Quiznos" or "Plaintiffs"), through their attorneys, respectfully move for an order awarding $27,710.05 in attorneys' fees in accordance with the franchise agreement between the parties and pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54.3. In support of their motion, Plaintiffs have filed the Declaration of Attorney Leonard H. MacPhee of the law firm Perkins Coie LLP.

### I. Background

Defendants are former Quiznos franchisees or guarantors of a franchise agreement. On August 19, 2010, the Court entered a preliminary injunction against Defendants. On November 3, 2010, a monetary judgment in the amount of $65,075.80 was entered against Defendants for breaching the franchise agreement. The judgment did not include attorneys' fees. Plaintiffs maintain that they are entitled to their attorneys' fees under Section 23.6 of the parties' franchise agreement, which provides that, in the event of any default on the part of either party, the party in default would pay the prevailing party, among other things, all reasonable attorneys' fees incurred by the prevailing party in any legal action or other proceeding as a result of such default.

On September 24, 2010, Plaintiffs filed a Motion to Show Cause, which was granted by Order of this Court on October 12, 2010. Upon Defendants' production of a Bill of Sale, the Court found that "progress is being made in regard to issues raised at 11/10/2010 status hearing concerning compliance with injunction order. One remaining issue is whether Defendants have returned trade manuals, menus, and other items bearing Plaintiffs' marks." The Court further stated that "[a]nother outstanding issue is the matter of attorneys' fees, both in regard to the judgment order and the show cause and contempt proceedings." The Court encouraged the parties to resolve the attorneys' fees issue. On November 30, 2010 and again on December 28, 2010, Plaintiffs provided Defendants with time and work records along with a preliminary draft of the Declaration of Leonard H. MacPhee.

| STATEMENT |
|---|

As the Court requested, Plaintiffs also invited Defendants to discuss the possibility of settlement. Plaintiffs requested that Defendants respond to their letter and fee information within 14 days. Defendants did not respond.

As set forth in the attached Declaration of Leonard H. MacPhee, Plaintiffs maintain that they have incurred $27,710.05 in attorneys' fees in this action, including fees incurred incident to the filing of the complaint and request for injunctive due to the show cause and contempt proceedings. Counsel and Plaintiffs agreed to a phased fixed fee agreement for work performed up through the Court's resolution of any motion for preliminary injunction. Once a matter proceeds through the preliminary injunction, a standard fee agreement applies. Under the standard fee agreement with Plaintiffs, Plaintiffs pay counsel the standard hourly rate for each attorney or paralegal less a 10% discount. Counsel attests that work was performed under four of the five phases of the fixed fee arrangement and that it then performed an additional 51.4 hours of legal services, bringing the total fees to $27,710.05 ($13,000 from the fixed fee portion and $14,710.05 for the hourly portion). Because Defendants did not respond to Plaintiffs' fee information (as required by Local Rule 54.3), nor did Defendants respond to Plaintiffs' motion for attorneys fees (despite being given two opportunities to do so by the Court), Plaintiffs' requested fees are undisputed.

**II.     Analysis**

As discussed above, Section 23.6 of the Franchise Agreement provides that, in the event of any default on the part of either party, the party in default would pay the prevailing party, among other things, all reasonable attorneys' fees incurred by the prevailing party in any legal action or other proceeding as a result of such default. As Exhibit 1 to Plaintiffs' motion, counsel has attached an affidavit for attorneys' fees and costs. Counsel also has provided the Court with a copy of the invoices for fees incurred from June 2010 through November 2010, reflecting legal services rendered by Perkins Coie on behalf of Plaintiffs in connection with Plaintiffs' claims in this matter. The statement indicates the dates on which services were performed, the name of the attorney or paralegal performing services, the amount of time devoted, a description of the task(s) performed, and the actual charge to Quiznos for such service. Counsel for Plaintiffs claims $27,710.05 in attorneys' fees. (Plaintiffs have filed a separate bill of costs.) As previously noted, Defendants have not challenged these amounts. Absent any such challenge, and in light of the affidavit signed by counsel for Plaintiffs and the Court's familiarity with this litigation, the Court is satisfied that the fees requested are reasonable. Accordingly, Plaintiff is entitled to $27,710.05 in attorneys' fees.

**III.    Conclusion**

For the reasons set forth above, Plaintiffs' motion for award of attorneys' fees [46] is granted and the Court orders Defendants, jointly and severally, to pay Plaintiffs' attorneys fees incurred in this action in the amount of $27,710.05.

*[Signature]*